UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: ) CASE NO: 10-44224
**Donald Todd Kitchens** ) Chapter 13
**Lorrie Ann Kitchens** )
SSN(s): xxx-xx-4627, xxx-xx-5253 )
775 County Road 113 )
Whitesboro, TX 76273 )
)
)
Debtor )

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of __see below__ per __month__ to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of __60__ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☑ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (01/06/2011) | 12 (12/06/2011) | $160.00 | $1,920.00 |
| 13 (01/06/2012) | 18 (06/06/2012) | $315.84 | $1,895.04 |
| 19 (07/06/2012) | 50 (02/06/2015) | $417.95 | $13,374.40 |
| 51 (03/06/2015) | 60 (12/06/2015) | $721.95 | $7,219.50 |
| | | Grand Total: | $24,408.94 |

Reason for Variable Plan Payments:
Annuity loan ($155.84/month) pays off after 12 months, annuity loan ($102.11/month) pays off after 18 months, and the 2008 Dodge ($304.00/month) pays off after 50 months.

3. **Payment of Claims.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

Case No:
Debtor(s):  **Donald Todd Kitchens**
            **Lorrie Ann Kitchens**

4.  **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is ___$3,000.00___. The amount of ___$500.00___ was paid prior to the filing of the case. The balance of ___$2,500.00___ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5.  **Priority Claims.**

    (A). **Domestic Support Obligations.**

    ☑ None. If none, skip to Plan paragraph 5(B).

    (i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

    (iii). Anticipated Domestic Support Obligation Arrearage Claims

        (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

        ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly arrearage<br>payment / Months |
|---|---|---|
|  |  |  |

        (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

        ☑ None; or

        Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
|  |  |

    (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
|  |  |

Case No:
Debtor(s): **Donald Todd Kitchens**
**Lorrie Ann Kitchens**

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☐ to the Trustee pending confirmation of the plan.

   | (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
   |---|---|---|
   |  |  |  |

   (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☑ None; or

   | (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment / Months |
   |---|---|---|---|---|
   |  |  |  |  |  |

   (b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☑ None; or

   | (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment / Months |
   |---|---|---|---|---|
   |  |  |  |  |  |

Case No:
Debtor(s): **Donald Todd Kitchens**
**Lorrie Ann Kitchens**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment / Months |
|---|---|---|---|
| | | | |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| | |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
| | | |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is __$111,138.25__ . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of __$19,468.28__ . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee / Months | (e) Projected arrearage monthly payment through plan (for informational purposes) / Months |
|---|---|---|---|
| | | | |

Case No:
Debtor(s): **Donald Todd Kitchens**
**Lorrie Ann Kitchens**

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

(A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
| | |

(B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| | |

**Bank of America**
**Flagstar Bank**
**Great American**
**Great American**
**Volkswagen Credit**

(C). **Additional provisions.**

**Pay Direct Taxes**
Unless otherwise specified in this Plan, all applicable City, County, ISD and/or CED tax(es) specifically including any ad valorem tax(es) for the calendar year in which this bankruptcy was filed that are not otherwise provided for in this plan shall be paid direct. The Debtor will timely pay the 2010 taxes directly, unless otherwise specified in this Plan, or the automatic stay of § 362 will lift as to all taxes due on the Debtor's said property.

**Attorney Relieved and Released as Attorney of Record**
After the Trustee's Recommendation Regarding Claims process has been completed and approved by the Court, the Attorney for Debtors is hereby relieved and released as attorney of record for Debtors except for those documents necessary to be filed immediately prior to Debtors' Discharge.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Case No:
Debtor(s): **Donald Todd Kitchens**
**Lorrie Ann Kitchens**

Date: 12-2-10

_(signature)_
Merv Waage, Debtor's Attorney

_(signature)_
Donald Todd Kitchens, Debtor

_(signature)_
Lorrie Ann Kitchens, Debtor

10-0191-Y-BR                                              Kathy

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was electronically mailed to the following:

1. Janna L. Countryman, Trustee
   P.O. Box 941166
   Plano, TX  75094-1166

I further certify that a true and correct copy of the foregoing instrument was delivered by Regular First Class Mail on the  6th  day of  December , 2010 to the following:

1. Internal Revenue Service
   PO Box 21126
   Philadelphia, PA  19114

2. The Attorney General of the United States
   Department of Justice
   Tenth and Constitution Avenue
   Washington, DC  20530

3. The United States Attorney for the
   Eastern District of Texas
   110 North College Avenue
   Suite 700
   Tyler, TX  75702-0204

4. All creditors as shown on the attached mailing matrix

5. Donald Todd Kitchens and Lorrie Ann Kitchens
   775 County Road 113
   Whitesboro, TX  76273

_____
Merv Waage

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 10-44224<br>Eastern District of Texas<br>Sherman<br>Mon Dec 6 18:05:33 CST 2010 | Alliance One<br>4850 Street Row<br>Suite 300<br>Trebose PA 19053-6643 | American Express<br>c/o Becket & Lee<br>PO Box 3001<br>Malvern PA 19355-0701 |
| Attorney General of Texas<br>Taxation Division Bkrpcy<br>Box 12548<br>Capitol Station<br>Austin TX 78711-2548 | Attorney General of the US<br>Department of Justice<br>Tenth & Constitution Avenues<br>Washington DC 20530-0001 | Bank of America<br>201 North Tyon Street<br>Charlotte SC 28202-2146 |
| Bank of America<br>PO Box 17054<br>Wilmington DE 19850-7054 | Becket & Lee<br>PO Box 3001<br>Malvern PA 19355-0701 | Bonded Collection<br>29 East Madison<br>Suite 1650<br>Chicago IL 60602-4435 |
| CPU Citi<br>Conoco Phillips Union<br>Attention Centralized Bankruptcy<br>PO Box 20363<br>Kansas City MO 64195-0363 | City of Whitesboro Tax Collector<br>PO Box 2106<br>Sherman TX 75091-2106 | Client Services Inc<br>3451 Harry Truman Boulevard<br>Saint Charles MO 63301-9816 |
| Department of Education Neln<br>121 South 13th Street<br>Lincoln NE 68508-1904 | Discover Fin<br>PO Box 6103<br>Carol Stream IL 60197-6103 | Exxmblciti<br>Attention Centralized Bankruptcy<br>PO Box 20507<br>Kansas City MO 64195-0507 |
| Flagstar Bank<br>Attention Bankruptcy Department<br>MS S144 3<br>5151 Corporate Drive<br>Troy MI 48098-2639 | GEMB Chevron<br>Attention Bankruptcy<br>PO Box 103104<br>Roswell GA 30076-9104 | GEMB Dillards<br>Attention Bankruptcy<br>PO Box 103104<br>Roswell GA 30076-9104 |
| Grayson County Tax Collector<br>PO Box 2106<br>Sherman TX 75091-2106 | Great American<br>PO Box 5420<br>Cincinnati OH 45201-5420 | HSBC Best Buy<br>Attention Bankruptcy<br>PO Box 5263<br>Carol Stream IL 60197-5263 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | Donald Todd Kitchens<br>775 County Road 113<br>Whitesboro, TX 76273-5922 | Lorrie Ann Kitchens<br>775 County Road 113<br>Whitesboro, TX 76273-5922 |
| Lowes MBGA<br>Attention Bankruptcy Department<br>PO Box 103104<br>Roswell GA 30076-9104 | (p)FORD MOTOR CREDIT COMPANY<br>PO BOX 6275<br>DEARBORN MI 48121-6275 | Michael J Adams Attorney<br>Michael J Adams PC<br>300 East Sonterra Boulevard<br>Building 1 Suite 1200<br>San Antonio TX 78258-3971 |
| Michael J Adams PC<br>300 East Sonterra Boulevard<br>Building 1<br>Suite 1200<br>San Antonio TX 78258-4077 | Northstar Location Services LLC<br>PO Box 2157<br>Williamsville NY 14231-2157 | Plaza Associates<br>JAF Station<br>PO Box 2769<br>New York NY 10116-2769 |

| | | |
|---|---|---|
| Professional Recovery<br>Services Inc<br>PO Box 1880<br>Voorhees NJ 08043-7880 | Simm Associate<br>PO Box 800<br>Newark DE 19702 | State Comptroller of<br>Public Accounts<br>Capitol Station<br>Austin TX 78774-0001 |
| TNB Visa<br>PO Box 560284<br>Dallas TX 75356-0284 | Texaco Citibank<br>Attention Centralized Bankruptcy<br>PO Box 20507<br>Kansas City MO 64195-0507 | Texas Employment Commission<br>TEC Building<br>Tax Department<br>Austin TX 78778-0001 |
| Tractor Supply Company CBSD<br>PO Box 6497<br>Sioux Falls SD 57117-6497 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| Union Square Federal<br>Credit Union<br>1401 Holiday<br>Wichita Falls TX 76301-7108 | United States Attorneys Office<br>110 North College Avenue<br>Suite 700<br>Tyler TX 75702-7237 | Volkswagen Credit<br>PO Box 60144<br>City of Industry CA 91716-0144 |
| WFNNB Bealls<br>PO Box 2974<br>Mission KS 66201-1374 | Merv Bernard Waage<br>8350 South Stemmons<br>Hickory Creek, TX 75065-7590 | Whitesboro ISD Tax Collector<br>c/o Grayson County Tax Collector<br>PO Box 2106<br>Sherman TX 75091-2106 |
| Zwicker and Associates<br>80 Minuteman Road<br>Andover MA 01810-1008 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia PA 19114-0326 | Mazda American Credit<br>PO Box 537901<br>Livonia MI 48153 | End of Label Matrix<br>Mailable recipients    45<br>Bypassed recipients     0<br>Total                  45 |